Sean D. Prudy, Esq. Town Attorney, Haverstraw
You have asked whether it is permissible for the chairperson of a town planning board to also serve as a member of the board of trustees of a village located in the town. Also, you inquire whether the vice-chairperson of a town planning board may simultaneously be employed as the manager of the town's municipal golf course, a civil service position.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town planning board has the responsibility for the development of the master plan which forms the basis for development in the town (Town Law, § 272-a); if authorized by the town board, advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a); and subdivision plans (id., § 276).
The board of trustees is the governing body of a village.
It is our understanding that the village has its own zoning and planning regulations. Thus, the town zoning regulations are not applicable in the village.
Public officers are required to make decisions solely in the public interest. A concern is that service by one person in these town and village offices will engender divided loyalty with respect to zoning decisions affecting the interests of both municipalities. This concern is to some extent ameliorated by county or regional planning board review of some zoning decisions (General Municipal Law, §§ 239-m, 239-n). It is conceivable, however, that with respect to a particular zoning application or decision, because of divergent town and village interests, a person serving in both town and village offices would find it difficult to act impartially. Any time an officer has an interest in a matter that may compromise his public trust, the remedy is to recuse himself from participating in the decision-making process. Even the appearance of impropriety must be avoided to maintain public confidence in government. Because these conflicts are not inevitable, the positions are not incompatible, but the office holder should use the remedy of recusal to preserve the public trust.
Turning to your second question, in our view there is no incompatibility between the office of vice-chairperson of the planning board and the position of manager of the town's municipal golf course. There appears to be no potential for interaction of the two positions nor is one position subordinate to the other.
We conclude that a person may simultaneously serve as chairperson of the town planning board and as a member of the board of trustees of a village in the town, but may have to recuse himself from participating in some matters. Also, the positions of vice-chairperson of a town planning board and manager of the town's municipal golf course are compatible.